842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freeman WHITE, Plaintiff-Appellant,
v.
John LEHMAN, Department of the Navy, Defendant-Appellee.
 No. 87-3065.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1987.
Decided March 11, 1988.
 
 Samuel Stuart Popkin; Popkin & Associates, on brief, for appellant.
 Samuel T. Currin, United States Attorney; Stephen A. West, Assistant United States Attorney, on brief, for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Freeman White appeals from the district court's order entering summary judgment for the Secretary of the Navy. White, a black male, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., and 42 U.S.C. Sec. 1981, alleging that he was denied a promotion from a fire fighter G.S. 4 to a fire inspector G.S. 5 and G.S. 7, due to his race. Before he filed this suit, however, White, after an administrative hearing, was retroactively promoted to fire protection inspector G.S. 5 and later to G.S. 7, with $2884.80 in gross back pay. In granting the appellee's motion for summary judgment, the district court found that "Mr. White has been made whole and that the action is therefore moot." On appeal, White argues that the district court erred by refusing to either hear evidence regarding compensatory damages or to increase his back pay award. Specifically, White asserts that, as a fire fighter, he worked 72 hours a week, but that his back pay award has been based on a 40-hour week. We find this contention patently frivolous. His promotion with back pay restored White to the position he would have achieved had there been no discrimination. To grant White an additional award of back pay would place him in a position far superior to the one he would have occupied in the absence of any discrimination.
 
 
 2
 Following our order granting appellant's motion to dispense with oral argument, we have considered the briefs and the record and conclude that the action below was properly dismissed as moot. Finding no error otherwise in the proceedings, we affirm the judgment below for the reasons expressed by the district court, Freeman White v. John Lehman, etc., C/A No. 86-13-CIV-4 (E.D.N.C. April 24, 1987).
 
 
 3
 AFFIRMED.